_____FILED _____ENTERED
_____LODGED _____RECEIVED

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

APR 2 9 2011

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DROP BOX

| | | |
|---|---|---|
| CARL TILGHMAN, SR. | * | |
| | * | |
| Plaintiff | * | |
| v. | * | |
| TARGET, INC., et. al | * | Civil Action: _____ |
| | * | **DKC11CV1136** |
| Defendants | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF REMOVAL

Defendant, World Financial Network National Bank, ("WFNNB"), by its attorneys, Gregory L. VanGeison and Edward V. Arnold, hereby files this Notice of Removal pursuant to 28 U.S.C. § 1441 and says:

1. Carl Tilghman, Sr. filed an action on March 11, 2011, in the District Court of Maryland for Prince George's County, Case No. 050200091132011, against Defendants Target, Experian Credit, Newport News, Spiegel, Asset Acceptance, and WFNNB, asserting that Defendants have reported inaccurate information to credit reporting agencies in violation of federal law.

2. The Complaint alleges violations of federal law, pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), which governs claims by consumers against a furnisher of information upon direct notice by the consumer about inaccuracies in a consumer credit report. 15 U.S.C. § 1681s-2(a)(8).

3. This removal is timely because it was filed within thirty (30) days of the date that

WFNNB was served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b); *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

**Legal Argument and Citation to Legal Authority**

4. This removal is proper pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 (1994) because

Tilghman asserts claims for relief under the FCRA.  Specifically, the Complaint alleges that:

> The Target Corporation in conjunction with Asset Acceptance LLC sold and
> received credit information blocked by credit bureau in 2008-2009 and with intent
> to place blocked information and credit debt illegally against me. Target had
> information that account [was] not mine by police report, fraud report, FTC
> financial report and letter from person whose account it was. Action required in
> blocking of my credit score and capacity for credit. Collection company receives
> and disseminates stolen identify after notification of stolen identity with police
> report. – Fraud report, FTC – and proof of identify. Refuse to remove and
> continue to disseminate slanderous charge of my not paying debt to other
> companies via credit report. [1]
>
> **Federal law prohibits the sale or dissemination of blocked information.
> Companies refuse to remove [information] after numerous telephone calls
> and finally a letter.**
>
> Complaint at 1-2 (emphasis added).

4. Although Plaintiff does not directly cite the FCRA, Plaintiff alleges that Defendants

have violated "federal law" with regard to the "sale or dissemination of blocked information."

Complaint at 1. The FCRA governs claims with respect to people who in the ordinary course of

business furnish information consumer reporting agencies about the person's transactions or

experiences with any consumer. [2]  15 U.S.C. § 1681s-2(a)(2)(A).  Plaintiff's appears to allege in

his Complaint that Target, Newport News, Spiegel, WFNNB, and Asset Acceptance all furnished

---

[1] Plaintiff's Complaint is largely illegible. Defendant used best efforts to translate Plaintiff's handwriting.

[2] Although the term "furnisher" is not defined in the FCRA, it has been interpreted by courts in this circuit, as well as others, as including any entity that provides information about its customers to credit reporting agencies (CRAs), including information about a customer's payments on their accounts. *See e.g. Aviles v. Equifax Information Services, LLC*, 521 F.Supp.2d 519, 522 (E.D.Va. Sept 18, 2007).

2

incorrect information to credit reporting agencies.  Complaint at 1.  Section 1681s-2(a)(2)(B) also applies where there is a claim that the furnisher of information failed to promptly notify the consumer reporting agency of any determination that the information was not complete or accurate, and provide to the agency any corrections to that information.  Plaintiff's appears to allege in his Complaint that Target, Newport News, Spiegel, WFNNB, and Asset Acceptance all failed to conduct timely or proper investigations of the disputed information, and failed to correct Defendant's credit information with the consumer reporting agencies, after Defendant notified each of them via letter, police report, and credit bureau report. Complaint at 1.

5.  This Court has federal question jurisdiction over all civil claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Tilghman's FCRA claim arises under the laws of the United States, i.e., the Complaint raises a federal question. *See, e.g., Saunders v. Equifax Info. Services, LLC*, No. 3:05-cv-731, 2006 WL 2850647, at *4 n. 2 (E.D. Va. Oct. 3, 2006) (slip opinion) (citing 28 U.S.C. § 1331) ("Federal question jurisdiction is conferred on this court by virtue of the plaintiff's federal FCRA claims"); 15 U.S.C. § 1620, *et seq.; see also Bakker v. McKinnon*, 152 F.3d 1007 (8th Cir. 1998).

6.  "Removal is appropriate if the face of the complaint raises a federal question." *Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005).

7.  The face of Tilghman's Complaint raises a federal question by alleging facts that constitute a violation of the FCRA. *See* Complaint at 1.

8.  28 U.S.C. § 1441 states, "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file... a notice of removal..." 28 U.S.C. § 1446. The language, "defendant or defendants," means that removal based on federal question

3

jurisdiction under § 1441(b) requires the consent of all defendants. *See, Chicago, Rock Island and Pacific Railway Co. v. Martin*, 178 U.S. 245 (1900).[3]

### Conclusion

8. A true and correct copy of this Notice of Removal has been filed with the District Court of Maryland for Prince George's County.

9. WFNNB respectfully requests the opportunity to brief and argue to this Court any issue or question concerning the removal of this case in the event that remand is sought by Tilghman or otherwise visited by this Court.

WHEREFORE, WFNNB prays that the action now pending in the District Court of Maryland for Prince George's County be removed to this Court.

Gregory L. VanGeison (Bar #07658)
Edward V. Arnold (Bar #29401)
Anderson, Coe & King, LLP
201 North Charles Street
Suite 2000
Baltimore, Maryland 21201
(Phone) (410) 752-1630
(Fax)    (410) 752-0085
vangeison@acklaw.com

### Certificate of Service

I HEREBY CERTIFY that, on this 29th day of April, 2011, a copy of Defendant's Notice of Removal was mailed to:

Carl Tilghman Sr.
10211 Mt. Auburn Dr.
Clinton, MD 20735

---

[3] WFNNB has the consent of all the parties to this litigation. Target, as well as Asset Acceptance, which encompasses Speigal and Newport News, has settled the case with Defendant. Experian Credit is not yet a party to the litigation as it has not been properly served.

Target
1000 Nicollet Mall
Minneapolis, MN 55440

Experian Credit
P.O. Box 9532
Allen, TX 75013

New Port News
4590 E. Broad St.
Columbus, OH 43213

Spiegel
4590 E. Broadt St.
Columbus, OH 43213

Asset Acceptance
28401 Van Dyke Avenue
Warren, MI 48093

_____

Edward V. Arnold